EASTERN AIRLINES, INC., et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.

First Department, March 1, 1979

## APPEARANCES OF COUNSEL

*Richard P. Magurno* for petitioners.

*Malcolm A. Goldstein* of counsel *(O'Donnell & Schwartz,* attorneys), for Stephen Cheselka, respondent.

## OPINION OF THE COURT

Lupiano, J.

Complainant, an inflight supervisor for Eastern Airlines, was demoted to flight attendant on September 17, 1976. Some two and one-half months later, he filed a complaint with the State Division of Human Rights, alleging that his demotion was a violation of the Human Rights Law in that it was based on age and sex. Nearly a year passed since complainant's demotion without the matter being scheduled for a hearing. Because of this delay, complainant's retained counsel on September 15, 1977 notified the New York State Division of Human Rights as follows: "Although the Human Rights Law expressly provides that a hearing be held within sixty days of the filing of the complaint, [complainant's] case has been pending since December 10, 1976 and no hearing has been scheduled. We understand that the Division of Human Rights has an enormous backlog of several thousand pending cases. We believe that further retention of this case by the Division would be prejudicial to our client's interest by depriving him of the opportunity to obtain redress on his complaint through court action, since the statute of limitations on this complaint will run shortly. We therefore request that the Division of Human Rights withhold any notice of hearing which may now be forthcoming and *dismiss* this matter for administrative convenience *as of the date of this letter"* (emphasis supplied). Simultaneously, complainant on September 15, 1977 filed a summons in the Supreme Court to toll the Statute of Limitations. The State division granted complainant's application and issued an order on September 29, 1977 dismissing the complaint on the grounds of administrative convenience at the complainant's request. This order of dismissal contained a

notice to the complainant of a right to appeal to the Human Rights Appeal Board within 15 days after service of the order. No appeal was taken. In its September 29, 1977 order the State Division of Human Rights gave as its reason for dismissal—"Request of complainant. Processing of complaint could prejudice complainant's right to proceed with his cause of action in any court of appropriate jurisdiction."

Subsequently, complainant served a summons and complaint in the Supreme Court action on October 31, 1977. On February 8, 1978, on defendant Eastern Airlines' motion, the Supreme Court dismissed this complaint for untimeliness. The determination was based on the following: while the proceeding was pending before the State division, its jurisdiction was exclusive[1] and as its order of dismissal dated September 29, 1977 was more than one year after the date of complainant's demotion on September 17, 1976, the complainant was barred from commencing his action within the one-year period. Special Term in dismissing the Supreme Court complaint noted that it was compelled to dismiss by virtue of the fact that the State Division of Human Rights "inexplicably did not make its order of dismissal retroactive to September 15, which was also sought. Its failure to do so may well have been an oversight on its part, and if advised of the dire consequences to plaintiff flowing from its omission, it is entirely conceivable that on an application to reconsider, it would amend its order." Complainant, therefore, on February 22, 1978 made an ex parte request to the State Division of Human Rights for amendment of the September 29 order dismissing his complaint to the effect that such dismissal be effective *nunc pro tunc* as of September 15, 1977 in accordance with his original request and the condition he imposed on the agency for granting his request. On February 23, 1978, the division issued an amended order dismissing the complaint for administrative convenience effective as of September 15, 1977 on the grounds that the prior order did not conform with the terms of complainant's request. The amended order also provided that complainant could appeal to the appeal board within 15 days after service of the order.

---

1. Subdivision 9 of section 297 of the Executive Law provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction * * * unless such person had filed a complaint hereunder * * * provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed."

Eastern filed an immediate notice of appeal to the appeal board and the complainant moved on the same day in the Supreme Court to set aside the original order of dismissal and to permit his action to proceed. Special Term stayed further proceedings in the Supreme Court action pending determination of Eastern's administrative appeal to the appeal board. The State Division of Human Rights moved before the appeal board to dismiss Eastern's appeal on the grounds: (a) appeal lies only from a final order that determines the merit of the complaint, (b) Eastern Airlines has no standing because it is not aggrieved by the amended order, and (c) an order dismissing a complaint pursuant to section 297 (subd 3, par c) of the Executive Law is not reviewable. Section 297 (subd 3, par c) states in part: "If * * * the division finds that * * * noticing the complaint for hearing would be * * * undesirable, the division may *in its unreviewable discretion,* at any time prior to a hearing * * * dismiss the complaint on the grounds of administrative convenience" (emphasis supplied). The appeal board subsequently granted the motion to dismiss Eastern's appeal based on a declared lack of jurisdiction to review a dismissal of the complaint grounded on administrative convenience, citing section 297 (subd 3, par c).

Eastern now comes before this court in an original proceeding, seeking judicial review of the administrative determination by the State Human Rights Appeal Board dismissing Eastern's appeal on the ground of lack of jurisdiction to review. There is an apparent conflict between 9 NYCRR 465.5 (d) (1) of the State division's Rules of Practice and Procedure which provides, in pertinent part, that the State division may in its unreviewable discretion dismiss the complaint on the grounds of administrative convenience and 9 NYCRR 465.5 (d) (3) of said section which provides that, where a complaint is dismissed for administrative convenience, the division shall "issue * * * an order dismissing said complaint, which shall state the grounds for such dismissal and shall contain notice to the complainant of a right to appeal to the State Human Rights Appeal Board." Further, the rules governing the State Human Rights Appeal Board give that body jurisdiction over appeals from "any order of the Commissioner of the State Division of Human Rights" (9 NYCRR 550.2). However, said rules define the term, "order of the Commissioner," as, *inter alia,* "any order dismissing a complaint, *other than* a dismissal on grounds of administrative convenience" (9 NYCRR

550.3 [i] [3]; emphasis supplied). Common sense dictates that it is a *non sequitur* to advise a party that it has a right to administratively appeal an order where, in fact, no such appeal lies. The simple answer is that the February 23, 1978 order of the State division is appealable to the appeal board. What is prohibited is review by the appeal board of the *discretionary act* of the State Division of Human Rights in determining to dismiss a complaint for administrative convenience. Any other action or determination is reviewable. Patently, the action in determining to dismiss a complaint for administrative convenience is different from the action in determining the date such dismissal is to be effective. The latter act is not proscribed from administrative appellate review, and the instant matter clearly shows that such an act can affect the substantial rights of the parties in view of the exclusive jurisdiction doctrine embodied in the Human Rights Law.

The appeal board not having exercised any administrative appellate review with respect to the February 23, 1978 order, due regard for proper procedure and the expertise presumed to reside in the administrative body mandates that this matter be remanded to the appeal board to afford it the opportunity to exercise such appellate review, circumscribed though it may be.[2] However, the thrust of Eastern Airlines' argument that there is no authority whatsoever which may allow the State division to amend its prior order or to reopen a proceeding for the purpose of amending an order after the time for appeal has passed, requires some brief comment. The "Human Rights Law" is deemed an exercise of the police power of the State and the creation of the State Human Rights Division is designed to insure equal opportunity and to prevent discrimination (Executive Law, § 290). Indeed, the division is specifically empowered to adopt, amend and rescind rules and regulations *suitable* to carry out the provisions of the Human Rights Law (Executive Law, art 15). Patently, the Legislature intended to provide a party claiming to be aggrieved by an unlawful discriminatory practice with a forum in which to obtain a hearing as to his complaint, whether it be a court or an administrative agency (Executive Law, § 297, subd 9). However, it was also clearly intended that the complainant

---

2. Among the issues to be considered by the appeal board is the contention by the State division that Eastern has no standing to maintain the appeal, that is, it is not an aggrieved party.

pursue his remedy in only one forum and not in different forums *at the same time (ibid.).* Under the circumstances herein, complainant, due to action by the administrative agency (the State Division of Human Rights), has found himself deprived of any forum in which to seek to vindicate his claim of discrimination. This result was not intended by him, but, in fact, is expressly contrary to his expressed intent. The deprivation of a forum in which to "air" a claim of discrimination proceeding from an administrative act on the part of an administrative agency directly entrusted with enforcement of the Human Rights Law is clearly a *vital* matter. By seeking to have the agency change the effective date of the order dismissing his complaint on the grounds of administrative convenience, complainant was merely asking for correction of what he views as an irregularity. Succinctly, stated: complainant requested dismissal of his claim in the administrative forum so that he could assert it in a judicial forum and to this end, conditioned his request on the requirement that the dismissal be effective as of the date he made the request so as not to deprive himself of the opportunity to assert the claim in the judicial forum.

Eastern Airlines, citing finality of the original administrative order and the fact that no appeal was taken therefrom, seeks to preclude correction by the administrative agency of the alleged error in failing to make the dismissal effective as of the date complainant requested same. It may well be that adoption of Eastern's view could transform subdivision 9 of section 297 of the Executive Law into a trap for the unwary and subvert its clear intent that a forum be provided a complainant. It suffices to merely state at this point that "[t]he principle of administrative finality may not be invoked or applied, whether the determination was or was not judicial or quasi-judicial in nature, to preclude correction of error by the administrative agency itself if the determination is the result of * * * irregularity in vital matters". (1 NY Jur, Administrative Law, § 156.)

. Parenthetically, in view of the ambiguous nature of the division's rules and regulations with regard to the right to appeal orders dismissing a complaint on the grounds of administrative convenience, which ambiguity is resolved by this court on this appeal, no effect can be given to the fact that no appeal was taken from the first administrative order (dated Sept. 29, 1977). Also, it is only by implication, that is, by

silence, that the September 29, 1977 order may be deemed a denial of complainant's request that the dismissal be effective as of the date of his request for such dismissal, to wit, September 15, 1977.

Accordingly, the spirit of the Human Rights Law, reason, common sense and a due regard for the principles of administrative review mandate that the order of the State Human Rights Appeal Board, dated August 16, 1978, dismissing the appeal to the appeal board should be annulled, without costs, and this matter remanded to the board for further proceedings in accordance with the aforesaid.

SANDLER, J. P., SULLIVAN, YESAWICH and BLOOM, JJ., concur.

Order of respondent State Human Rights Appeal Board, dated August 16, 1978, unanimously annulled, without costs and without disbursements, and the matter remanded to the board for further proceedings in accordance with the opinion of this court.