OPINION OF THE COURT
Martin Evans, J.
This is a proceeding under section 298 of the Executive Law for an order setting aside an order of the State Division of Human Rights (SDHR or Division) dated August 27, 1987, and dismissing the complaint of respondent Allen.
*467 Allen had previously filed a complaint with the SDHR, and the order of the Division, which petitioner seeks to set aside, dismissed Allen’s complaint on the grounds of "administrative convenience.”
The underlying reasons why petitioner seeks to have Allen’s complaint against it reinstated, so that it can be determined on the merits before the Division, is based on the somewhat tortuous procedural history of the litigation between these parties.
Allen was employed by Avon from July 1968 to January 1972, when her employment was terminated. Thereafter, on August 29, 1972 she filed a complaint against Avon with the United States Equal Employment Opportunity Commission (EEOC).[1]
On or about July 1981 the EEOC rendered a determination of "No Probable Cause”, and dismissed her complaint. Her petition for reconsideration was thereafter denied by the District Director of the EEOC.
In December 1981 Allen commenced an action against Avon in the United States District Court for the Southern District of New York. She set forth the same claims that had been presented in the EEOC complaint.
A prerequisite to the commencement of that action was the dismissal of her charge by the EEOC (see, 42 USC § 2000e-5 [a]); and a prerequisite to her filing her charge with the EEOC was the passage of 60 days from the time she commenced a proceeding with the State Division of Human Rights. (See, 42 USC § 2000e-5 [c].) Avon, in its answer, asserted as an affirmative defense going to the jurisdiction of the District Court, Allen’s failure to file a complaint with the State Division of Human Rights in 1972, before she commenced the EEOC proceeding.
In an apparent attempt to avoid that defense, Allen filed a complaint with the SDHR in March 1982 and moved for an order accepting it, nunc pro tunc, as of September 1972. That *468 motion was made on notice to Avon, and the SDHR, accepting the allegation of Allen that she had filed some papers in the Queens office of the SDHR in September 1972, granted the motion and, in an order dated October 29, 1982, ordered that her complaint be deemed filed as of September 1, 1972.
Whether that "deemed” filing date is adequate to have retroactively given to the EEOC and the District Court jurisdiction which they otherwise would not have, is not before this court.
On February 13, 1986 the SDHR made a determination of probable cause and recommended a public hearing. That would have resulted in a determination binding both Avon and Allen.
Thereupon Avon moved for an order reopening the proceedings which led to the February 13, 1986 order, seeking to vacate the probable cause determination and a dismissal of Allen’s complaint, on the grounds of
1. The delay of 14 years between the alleged filing date (1972) and the determination of probable cause;
2. The pendency of the District Court action;
3. The failure of Allen to file her complaint within one year after the alleged discriminatory practice.
Under date of May 7, 1987 Avon’s, application was denied.
Then, under date of July 13, 1987 Avon commenced a proceeding under section 297 of the Executive Law and under CPLR article 78. Under section 297, the relief sought was an order setting aside the order of May 7, 1987; under article 78, the relief sought was a judgment in the nature of prohibition, to prohibit the SDHR from any further proceedings in the Allen matter.
On August 12, 1987 the SDHR cross-moved for an order dismissing Avon’s petition.
Following that,[2] and while the proceedings by Avon under Executive Law § 297 and under article 78 were pending before this court; the SDHR on August 27, 1987 dismissed the Allen complaint "on the grounds of administrative convenience.” The basis for that was stated to be that the complainant, Allen, had instituted an action in Federal court, "and intends to proceed solely in that forum.”[3]
*469 From other documents submitted in this proceeding, it becomes apparent that the complainant in fact intended to commence another action based on a "state-law claim” against Avon, and that she intended to file this "state-law claim” either in a court of this State, or in the Federal court together with her pending claim there, under their doctrine of pendent jurisdiction.
Her rights to file a "state-law claim” may exist under section 297 (9) of the Executive Law, which provides alternative remedies, as follows: "9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed.”
Her reason for seeking to add State-law claims is her belief that the measure of damages available under State law is greater than under Federal law.
Since subdivision (9) of section 297 also provides "No person who has initiated an action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section or under section two hundred ninety-six-a”, and since it has been held in Matter of McGrath v State Human Rights Appeal Bd. (90 AD2d 916) that a Federal court in which an action is pending is a "court of competent jurisdiction” it is doubtful that Allen will be permitted to do this, but that question is not before this court for determination.
To preclude the possibility of further litigation with Allen, Avon has commenced this proceeding, seeking an order set *470 ting aside the order of the SDHR dated August 27, 1987, and dismissing Allen’s complaint.
Respondent claims that the order which dismissed the Allen complaint for administrative convenience is not reviewable, relying on section 297 (3) (c) of the Executive Law. However, it has been held that such a legislative grant of power, which would be arbitrary and unlimited, is not permitted by law, and requires some standards by which the exercise of such discretion may be guided and limited. (Matter of Baer v Nyquist, 34 NY2d 291.) A reviewing authority continues to have the power to decide whether such an act is arbitrary.
"A dismissal is purely arbitrary if it contravenes statutes, constitutional provisions, or countenances their contravention (id.; see Johnson v Robison, 415 US 361, 366-374), or violates the agency’s own regulations (see Matter of Rankin v Lavine, 41 NY2d 911, 912; Matter of Reyes v Dumpson, 40 NY2d 725, 729).” (Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, 547-548.)
An analysis of the statutory provisions (42 USC § 2000e-5; Executive Law § 297 [9]) clearly shows that it was the intent of both the Congress of the United States and of the New York State Legislature that applications for relief against claims of discrimination were to be brought only in one forum, whether that forum be a court or the specialized agency set up for that purpose. Utilization of either one was considered to be a binding election of forum; and in New York, only where the SDHR had dismissed a matter for "administrative convenience” could there be a choice of another forum.
From a reading of the statute the power of the SDHR to dismiss for "administrative convenience”, which is found in paragraph (c) of subdivision (3) of section 297, seems to have been limited by the Legislature to situations in which the SDHR and a respondent have, without a public hearing having been held, agreed to a conciliation agreement to which the complainant does not agree. Under such circumstances, it was apparently the legislative intent that the complainant should not be bound by the agreement and was granted the right to a hearing, either before the SDHR or in an action in a court of competent jurisdiction. There is no New York case which has passed upon that point. If that is the case, then the SDHR was without power to make such an order. The regulations adopted by the SDHR also appear to be limited to such a situation. While cases in which there has been a dismissal for *471 administrative convenience have come before the court, in none of these was this particular question presented or passed upon. (Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, supra; Eastern Airlines v State Human Rights Appeal Bd., 66 AD2d 581.)
In any event, it appears that the dismissal for "administrative convenience” in fact was a method chosen to contravene the statutes which provide that a complainant’s choice of forum bars any other proceeding by the complainant. It was an admitted attempt to allow the complainant to choose a different forum to hear the same matter that had previously been submitted to both the Federal court and the State agency.
This being the case, the act of the agency is reviewable by this court.
It is clear that the decision was an arbitrary one. It had the effect of depriving Avon of its rights to continue to argue before the SDHR that the complaint should be dismissed on the ground that the undue delay had caused prejudice as a matter of law. In the papers submitted on this motion by Avon, it also is clear that there was prejudice as a matter of fact; important witnesses and documents could not be located and memories of those witnesses who were available cannot be relied upon some 14 or more years after the operative facts occurred.
Whether the terminology used by the courts with respect to jurisdiction lost by unusually long delay is that there was an erroneous exercise of authority (Matter of Tessy Plastics Corp. v State Div. of Human Rights, 47 NY2d 789; Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816), or that the prejudice "warranted] the exercise of equitable powers of the judiciary to divest the division of jurisdiction conferred by the Human Rights Law” (see, State Div. of Human Rights v Board of Educ., 53 AD2d 1043, 1044, affd 42 NY2d 862), the board had no right to exercise jurisdiction by reason of the unusually long delay in this case.
The 10-year delay, from 1972 to 1982, in filing or in reopening the case with the SDHR was either the fault of Allen or of the SDHR, but that is in no way attributable to Avon. Neither were the later delays in the processing of the case attributable to Avon.
The same state of facts on which the SDHR relied in making its decision of August 27, 1987 (the existence of the *472 Federal court action) existed in 1982 and was known to the SDHR. No showing has been made by respondent why the dismissal for "administrative convenience” was not made at that time, which might have enabled petitioner to obtain evidence that presumably has disappeared in the ensuing five years.
This implicates the doctrine of finality, which has long been a part of the jurisprudence of this State. "The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers.” (Osterhoudt v Rigney, 98 NY 222, 234.)
It is applicable not only to courts (Herpe v Herpe, 225 NY 323), to the State Comptroller (People ex rel. Chase v Wemple, 144 NY 478), to medical malpractice panels (Felner v Shapiro, 94 AD2d 317), and to administrative agencies (Matter of Newman Lake House v Bruckman, 258 App Div 765 [State Liquor Authority]; Matter of Cupo v McGoldrick, 278 App Div 108 [State Rent Administrator]). In the latter case, it was held that there is a "reserved power” to set aside a determination on the ground of illegality, irregularity in vital matters or fraud (People ex rel. Finnegan v McBride, 226 NY 252, 259), where the court said, "Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient.”
There is also serious doubt whether an agency has the right to change its determination once a petition for review has been commenced and the matter is before the court. In Matter of Cupo v McGoldrick (278 App Div 108, supra), a certificate which had been issued by the respondent was revoked, apparently on the ground that the respondent desired to allow a further hearing with respect to an affidavit on which it had relied when issuing the certificate. The court held that the issuance of the certificate based on the affidavit was not an irregularity in a matter so vital as to empower the respondent to recall the decision. In Cupo, the respondent (unlike the respondent here) was the beneficiary of a statute which provided that the order might " 'be modified or rescinded by the commission at any time notwithstanding the pendency of such proceeding for review.’ ” (Supra, at 113.) Without passing *473 directly on that point, the court said (at 113), "With such a proceeding to review pending, analogous to review by appeal, there would have been serious doubt that the Administrator, in the exercise of such reserve power, could have modified or rescinded an order previously made by him while it was being reviewed in court, under the well-known rule that, after an appeal has been perfected and while it is pending, there is no authority in the lower court or tribunal to act within the scope of the power of the appellate tribunal.”
In the present case, no such power was granted to SDHR, and its act of dismissing "for administrative convenience” during the pendency of court review was an obvious attempt to deprive the court of jurisdiction to review the underlying matter.
That Avon at an earlier time requested the SDHR to dismiss Allen’s complaint on the ground of administrative convenience (which request was at that time rejected by the SDHR) does not bar it at this time from suggesting here that such a dismissal is improper. No estoppel is present, and at that time Avon was not aware that Allen had any intention of commencing another lawsuit against it, based on the same grounds as have been set forth in her Federal claim.
Under all the circumstances, the petition is granted.

. The EEOC filing receipt shows August 29, 1972 as the date; Allen has averred that she had filed earlier papers on May 2, 1972. Upon receipt of Allen’s complaint in August, the EEOC sent a copy of it to the SDHR and notified Allen of this, advising her to contact that Division "to be certain that all requirements for commencing proceeding in your case have been met.” The SDHR, upon receiving the EEOC complaint, wrote to Allen and asked her to file a complaint with it. Apparently she did not respond to either letter.

. Apparently there was some communication between Allen and the SDHR, which led SDHR to its conclusion, without notice to Avon.

. The SDHR and Allen’s attorney then requested this court (Gammer *469 man, J.) to dismiss Avon’s petition as moot. Avon objected, requesting that any dismissal be without prejudice, so that it could preserve such rights as it had to seek relief with respect to the SDHR dismissal order. On September 12, 1987 the court ordered that the "petition is permitted to be withdrawn without prejudice.”