IN RE: William Carl LATIMER, Debtor.

William Carl Latimer, Plaintiff,

v.

Lake County Treasurer, Defendant.

CASE NO. 13–21345 JPK
ADVERSARY NO.: 13–02188

United States Bankruptcy Court,
N.D. Indiana, Hammond Division.

Signed April 2, 2015

Kevin Schmidt, Merrillville, IN, for Plaintiff.

John N. Pangere, Crown Point, IN, for Defendant.

---

## MEMORANDUM OF DECISION ON STIPULATED RECORD

J. Philip Klingeberger, Judge United States Bankruptcy Court

This adversary proceeding arises from a complaint filed on October 18, 2013, by the debtor, William Carl Latimer ("Latimer"), against the Lake County Treasurer ("County"). The complaint requests that the court determine whether Latimer can take advantage of the Indiana property tax amnesty statute found at I.C. § 6–1.1–37–10.1. Pursuant to this provision, any interest and penalties added to a delinquent property tax installment prior to January 1, 2012, are waived if the delinquent taxes are paid prior to July 1, 2013.[1] Latimer filed his voluntary Chapter 13 petition on April 22, 2013. On that same day, he filed a sixty month plan of reorganization which proposed to pay, in full over the course of the plan, all amounts required to be paid by I.C. § 6–1.1–37–10.1(b). Additionally, the plan provided that all interest and penalties added before January 1, 2012, to the delinquent property tax installments covered by the statute, were to be waived. The problem is that the payment deadline provided by the amnesty statute expired on July 1, 2013. Therefore, the issue is whether Latimer is able to take advantage of the amnesty statute notwithstanding the fact that the time to pay, as provided by the statute, expired three months into his bankruptcy case.

On December 2, 2013, the Lake County Treasurer ("County") filed an answer to the complaint denying the Debtor's assertion that he is able to take advantage of the amnesty statute since the time to pay had passed. At a preliminary pretrial conference held on January 22, 2014, it was determined that the case should be decided on a stipulated record. An order was entered on January 29, 2014, requiring the parties to file a joint stipulation of facts by February 28, 2014 and briefs by March 31, 2014. Subsequently, each party filed an extension of time to submit the stipulated record and on April 11, 2014, the parties filed their joint stipulation. However, on April 15, 2014, the Lake County Treasurer filed a motion to amend the stipulation. On June 11, 2014, the court held a pre-hearing conference and set a final evidentiary hearing on the motion for August 7, 2014. On August 20, 2014, the court en-

---

1. This payment must also include all of the taxes and special assessments that are first due and payable on the property after December 31, 2011 and before July 1, 2013, including any interest and penalties on these taxes and special assessments. The statute also requires that the county, where the real estate is located, formally adopt this statute by way of an ordinance.

tered an order and notice which established the evidentiary record along with a briefing schedule.[2] The final brief in this case was filed on November 24, 2014. The record is now closed. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b), and N.D.Ind.L.R. 200.1(a). The court has full Constitutional and statutory authority to enter a final judgment.

## I. THE FACTUAL RECORD/ ISSUES PRESENTED

Pursuant to the court's order of August 20, 2014, the factual record and the issues presented are as follows:

### A. FACTUAL/DOCUMENTARY RECORD

The Factual/Documentary Record is comprised exclusively and completely of the following:

1. Debtor, William Carl Latimer filed a Chapter 13 under the United States Bankruptcy code entered on April 22, 2013.

2. The case was assigned 21345–JPK to Judge J. Phillip Klingeberger.

3. The Bankruptcy Trustee is Paul R. Chael, 401 West 84th Dr. Merrillville, 46410.

4. There are three (3) parcels for which real estate taxes are delinquent they are:

Parcel/Property No. 1: 45–05–32–378–010.000–004

Address: 190 N. Montgomery St. Gary, IN 46403

Amount owed: $52,244.25

Parcel/Property No. 2: 45–08–03–480–018.000–004

Address: 828 Ohio St Gary, IN 46403

Amount owed: $50,598.60

Parcel/Property No. 3: 45–08–03–480–017.000–004

Address: 822–24 Ohio St. Gary, IN 46402

Amount owed: $9,691.36

5. The total owed is $132,534.21 plus penalties.

6. Debtor had until July 1, 2013 to pay all real estate taxes and assessments due and owing and upon said payment all penalties would be waived pursuant to I.C.6–1.1–37–10.1

7. The Indiana Amnesty Act I.C. 6–1.1–37–10.1 had been advertised on radio and the local newspapers and was a one time offering to the public to forgive all penalties and delinquent real estate taxes that were due and owing by July 1, 2013 pursuant to said statute.

8. The Indiana Amnesty Act 6–1.1–37–10.1 was enacted for a one year period of time commencing July 1, 2012 and terminating July 1, 2013.

9. The Chapter 13 Plan filed by the Debtor in Case No. 13–21345 as Record No. 7 on April 22, 2013.

10. The first amended plan filed by the debtor in Case No. 13–21345 as Record No. 33 on June 29, 2013.

11. Claim No. 3–1 filed by Lake County Treasurer.

12. Claim No. 4–1 filed by the Lake County Treasurer.

13. Claim No. 5–1 filed by the Lake County Treasurer.

14. The debtor in Case No. 13–21345 did not pay the amounts designated in I.C. 6–1.1–37–10.1(b)(2) to the Lake County Treasurer by July 1, 2013.

**2.** Attached to the court's order of August 20, 2014, was an order dated for that same day entitled: Order Establishing Record for Submission of Adversary Appeal for Decision. The parties were given 14 days to file an objection to this order otherwise the contents of that order would constitute the entire record and legal issues upon which this adversary proceeding would be determined. No objection was filed.

15. With respect to the interest and penalties waiver authorized by I.C. 6–1.1–37–10.1, the Lake County Treasurer entered into no agreements with any person or entity which extended the payment term with respect to taxes subject to that statute beyond July 1, 2013.

16. Section B(3) of the Record No. 33 amended plan proposes to pay, in full over the term of the plan, all amounts required to be paid by I.C. 6–1.1–37–10–1(b), as designated in Claims Numbers 3–1, 4–1, and 5–1 respectively, and further provides for waiver of all interest and penalties added before January 1, 2012 to a delinquent property tax installment as a result of the payment arrangement stated in that section of the amended chapter 13 plan.

17. Lake County, Indiana adopted an ordinance in accord with I.C. 6–1.1–37–10.1.

B. ISSUES PRESENTED

1. Can the requirements of I.C. 6–1.1–37–10.1(b) be satisfied by means of the debtor's No. 33 amended chapter 13 plan so that, if that plan is fully performed, the Lake County Treasurer must waive all interest and penalties added before January 1, 2012 to a delinquent property tax installment?

2. What, if any, is the effect of § 11 USC 108, especially § 11 USC 108(b), in relation to the debtor's compliance with payment requirements of I.C. 6–1.1–37–10.1(b) and/or the debtor's contention that his No. 33 amended chapter 13 play may serve as a means to satisfy those payment requirements.

II. *LEGAL ANALYSIS*

■ In order for a taxpayer to take advantage of the waiver of interest and penalties under I.C. § 6–1.1–37–10.1(b), the statute requires that the delinquent real estate taxes be paid in full by July 1, 2013. Latimer argues that the automatic stay tolls this statutory time constraint, and that he should therefore be able to utilize the amnesty statute and pay the amount due the County over the course of a Chapter 13 plan. He also argues that 11 U.S.C. § 1322(b)(2) allows him to modify the County's secured claim over the proposed life of the plan. In his view, this includes allowing him to extend the time to pay under the amnesty statute. The County argues that pursuant to 11 U.S.C. § 108(b) Latimer only had until July 1, 2013, to take advantage of the amnesty statute and pay the amount due in full.[3]

The parties compare the issue before the court to cases in which a debtor is seeking to redeem property taxes through a Chapter 13 plan. In support of their respective positions they cite a surprisingly divergent line of decisions where, on one hand, the debtor was permitted to pay the amount necessary to redeem the property over the life of the plan and on the other hand the debtor was required to pay the redemption amount no later than 60 days after the date of petition. These cases are not on point. Whether or not Latimer can take advantage of the amnesty statute, where payment in full was required on a date certain three months into his bankruptcy case, is a different issue from whether real estate taxes can be redeemed over the life of a Chapter 13 plan.

■ The cases cited by Latimer simply stand for the proposition that a tax purchaser possesses a secured claim that can be modified pursuant to 11 U.S.C. § 1322(b)(2)—just like any other secured claim—and that the provisions and limita-

3. Pursuant 11 U.S.C. § 108(b), Latimer had the later of July 1, 2013 or sixty days after the date he filed his petition for relief, i.e. July 1, 2013.

tions of § 108(b) do not apply. Without question, the ability to modify a secured claim is controlled by § 1322(b)(2).[4] Under § 1322(b)(2) a secured claim can be paid in installments over the course of the plan, the interest rate can be modified and in some circumstances the claim can be adjusted to the extent of the value of the collateral. What is different about this case is that the County's claim depends on whether there is compliance with the amnesty statute. 11 U.S.C. § 1322(b)(2) cannot be used to modify the terms of statutory compliance as established by the state legislature, to wit, the amount due must be paid in full by July 1, 2013. In contrast, the amount owed to the tax purchasers in the redemption cases is **the final amount** of the claim under state law. What Latimer is attempting to do is not to modify a secured claim under § 1322(b)(2), but to modify the amount of the claim by modifying the amnesty statute. The amount owed to the County is determined exclusively by state law, and the County's claim on the petition date can only be reduced by complying with the amnesty statute.

■■■■ A claim is a right to payment, and in order to file a claim cognizable under bankruptcy law, a creditor must possess a debt based on either state or federal law which creates a substantive obligation independent of bankruptcy law. 11 U.S.C. § 101(5)(A); *In Matter of Chicago, Milwaukee, St. Paul and Pacific Ry. Co.*, 878 F.2d 182, 184 (7th Cir.1989), (*citing, Vanston Committee v. Green*, 329 U.S. 156, 170, 67 S.Ct. 237, 243, 91 L.Ed. 162 (1946) (Frankfurter, Jr., concurring)).[5] The validity of a creditor's claim is determined by rules of State law, which includes all nonbankruptcy law that creates substantive claims. *Grogan v. Garner*, 498 U.S. 279, 283–284, 111 S.Ct. 654, 657–658,

112 L.Ed.2d 755 (1991) (*citing, Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161, 67 S.Ct. 237, 239, 91 L.Ed. 162 (1946)); *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 1955, 147 L.Ed.2d 13 (2000) (creditor's entitlements in bankruptcy arise in the first instance from the underlying law creating the debtor's obligations subject to any qualifying or contrary provisions of the Bankruptcy Code.). The "basic federal rule" in bankruptcy is that state law governs the substance of claims. *Grogan*, 498 U.S. at 283–284, 111 S.Ct. 654 (*citing, Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 239, 91 L.Ed. 162.)); *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct. 1199, 1205, 167 L.Ed.2d 178 (2007) ( [W]hen the Bankruptcy Code uses the word "claim"—which the Code itself defines as a "right to payments," 11 U.S.C. § 1021(5)(A)—it is usually referring to a right to payment recognized under State Law").

The state statute at issue is clear and unambiguous that in order to take advantage of the amnesty offered, the amount owed must be paid by July 1, 2013. If the taxes are not paid by that time, then the corresponding interest and penalties are not waived and the taxpayer owes a higher amount. As stated, § 1322(b)(2) cannot be used to alter this deadline and effectively change the amount owed to the County. This would be tantamount to rewriting state law which the court cannot do. Similarly, a debtor cannot utilize § 1322(b)(2) or the automatic stay to toll the amnesty deadline established by the Indiana legislature. To do so would completely undermine the intended legislative purpose of the amnesty statute. A state legislature passes statutes such as the one at issue in

---

**4.** *See also,* 11 U.S.C. § 1325(a)(5).

**5.** *See, In re Weathersby*, Case No. 12–23347 (Bankr.N.D.Ind.2013).

order to hasten the collection of delinquent taxes, bring taxpayers into the tax collection process and to increase the state's tax base by the amnesty deadline. *Indiana's 'Tax Amnesty': What Every Indiana Taxpayer Should Know*, 49–Aug. *Res Gestae* 9; *See e.g.*, *State of New York v. Christie, et al.*, 133 Misc.2d 468, 505 N.Y.S.2d 310, 314 (1986).

■■■ 11 U.S.C. § 108(b) is designed to apply when there is a time limit set for doing a certain act, such as filing pleadings or claims as long as the period does not expire prior to filing the petition for relief. *Collier on Bankruptcy*, ¶ 108.03 (16th Ed.).[6] It also includes such acts as filing a proof of loss under an insurance policy, extending a contractual deadline for exercising an option to renew a lease or extending the time to cure a default on an insurance contract. *Collier on Bankruptcy*, ¶ 108.02[1] (16th Ed.). In other words, § 108(b) allows the debtor/trustee an extension of time to act and preserve a right of the estate in instances where there is a pending deadline at the time the bankruptcy petition is filed. Given the foregoing, § 108(b) clearly applies to the facts of this case. If the taxes are not paid by a stated date certain then under the statute the interest and penalties—which are part of the County's claim on the petition date— are not waived. As a result the estate is unable to take advantage of the amnesty offered and must pay the County the full amount of its claim. Being required to pay the real estate taxes by a time certain in order to take advantage of the amnesty statute is akin to being required to cure a default under this section. It also certainly qualifies as the performance of, "any other similar act" by a deadline. There-

fore, in order for Latimer to take advantage of the tax amnesty offered by Lake County, the amount due and owing to the County had to be paid on or before July 1, 2013. Accordingly, Latimer's Chapter 13 plan must provide for the full payment of the County's real property tax claim on the parcels which he wishes to retain.

### III. *DETERMINATION*

IT IS ORDERED, ADJUDGED AND DECREED that the complaint's prayer for relief is denied: the amounts of the secured claims of the Lake County Treasurer required to be provided for by the debtor's Chapter 13 plan are the amounts owed *without* application of the reductions provided by I.C. § 6–1.1–37–10.1.

■■■■

---

**6.** Although the literal text of § 108(b) only governs the actions of a "trustee" in a Chapter 13 context, § 108(b) applies to a debtor like it would normally apply to a trustee. Under Chapter 13, the debtor is allowed to remain in possession of his property and retains the rights that would normally pass to a trustee in a bankruptcy filed under a different chapter. *See, Salta Group, Inc. v. McKinney*, 380 B.R. 515, 520 (Bankr.C.D.Ill.2008).